UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

KENNETH LEE MANHARD,
      Petitioner,

vs.                              Case No.:  5:25cv85/AW/ZCB

RICKY D. DIXON,
      Respondent.
_____/

## **REPORT AND RECOMMENDATION**

This is a federal habeas corpus case filed under 28 U.S.C. § 2254. (Doc. 1). Petitioner is a prisoner in the Florida Department of Corrections who is serving a twenty-nine-year prison sentence, followed by eleven years of probation, for DUI manslaughter and leaving the scene of a crash involving death.  Respondent has answered the petition, and Petitioner has replied.  (Doc. 14; Doc. 16).  For the reasons below, Petitioner is not entitled to habeas relief.[1]

## I.    **Factual Background**

---

[1] This matter may be resolved without an evidentiary hearing.  Rule 8(a), Rules Governing Section 2254 Cases.

The evidence at trial established that Petitioner was escorted out of Newby's bar in Bay County, Florida at approximately 3:45 a.m. on April 17, 2016. (Doc. 14-3 at 128-40). He was intoxicated, and Newby's head of security arranged for a cab to take Petitioner home. (*Id.*). Petitioner refused the cab ride and instead drove away in a small white car that had no visible damage. (*Id.*). As Petitioner drove away at 3:56 a.m., Newby's head of security alerted the Bay County Sheriff's Office to Petitioner's direction of travel. (*Id.*).

Moments later, Jerry Jones was hit by a car as he drove his scooter across the Hathaway Bridge. (*Id.* at 186-210, 364-65). Other motorists saw Jones lying in the road and his scooter in pieces. (*Id.* at 364-65, 373-75). Jones was moving but "barely hanging on" and appeared to be dying. (*Id.* at 374-75, 382). Jones had a "massive, massive" head injury and broken legs. (*Id.*). Before anyone could get to Jones, other vehicles ran him over. (*Id.* at 375-77). Jones died of multiple blunt injuries. (*Id.* at 328-31).

Within minutes of Jones being hit, Petitioner drove into the parking lot of the Golden Nugget Gentleman's Club. (*Id.* at 150-84, 660-70). The

passenger side of his car was damaged, and the windshield was smashed.[2] There was an impression/dent in the windshield and blood and hair on it. Petitioner passed out in the driver's seat of the car with shattered glass in his lap. Petitioner was the only person in the car. Employees of the Golden Nugget woke Petitioner. He said someone threw a scooter at him. Petitioner then drove off. An employee called 911 while another employee followed Petitioner and reported his route. Petitioner pulled into a gas station and got out of the car. The gas station was one mile from where Jerry Jones was killed. (*Id.* at 210).

Law enforcement arrived at the gas station within seconds of Petitioner's arrival. Petitioner was standing outside the car. (*Id.* at 272). His eyes were bloodshot and watery, his speech was slurred and incoherent, and he was swaying. (*Id.* at 273). Petitioner denied driving the car and then told officers a bird hit his windshield. (*Id.* at 281, 283, 288, 291, 293).

---

[2] Photos of the car were admitted into evidence at trial. (Doc. 14-3 at 660-70; Dc. 14-4 at 4-42).

Officers observed paint from Jerry Jones' scooter streaked across the passenger side corner of Petitioner's car. (*Id.* at 224). DNA testing confirmed Jerry Jones' blood on the car's windshield. (*Id.* at 314-16).

Petitioner was subsequently charged in state court with leaving the scene of a crash involving death, DUI manslaughter, and driving with a suspended license causing death. (Doc. 14-2 at 225-26). He went to trial, and a jury convicted him on all counts. (Doc. 14-3 at 100-498, 506-07). The state court sentenced Petitioner to a total term of twenty-nine years' imprisonment followed by eleven years of probation. (*Id.* at 529-35, 539-41).

## II.   Procedural History

Following his conviction, Petitioner appealed to the Florida First District Court of Appeal (First DCA). (Doc. 14-4 at 131-74). That court affirmed. (*Id.* at 225-33); *Manhard v. State*, 282 So. 3d 941 (Fla. 1st DCA 2019). Petitioner sought review in the Florida Supreme Court, but that court denied review. (Doc. 14-4 at 253-54, 267-77, 293). Petitioner also unsuccessfully sought review in the U.S. Supreme Court. (*Id.* at 299-312, 346).

4

Petitioner filed a habeas petition in the First DCA alleging ineffective assistance of appellate counsel.  (*Id.* at 371-80).  The First DCA denied the petition on the merits.  (*Id.* at 382-83).

Petitioner then sought state postconviction relief under Florida Rule of Criminal Procedure 3.850.  (*Id.* at 465-89).  The trial court denied the Rule 3.850 motion, and Petitioner appealed to the First DCA.  (*Id.* at 610-33, 643-68).  The First DCA affirmed.  (*Id.* at 671).

Petitioner then turned his postconviction efforts to federal court by filing the current habeas corpus petition under 28 U.S.C. § 2254.  (Doc. 1).  His petition presents six claims.  Each will be discussed below, but first the Court will summarize the legal standard for § 2254 petitions.

### III.   Legal Standard for 28 U.S.C. § 2254 Petitions

Under § 2254(d), a federal court may invalidate a state criminal conviction only if a state court decision on the merits (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C.

5

§ 2254(d)(1)-(2).  This is a "highly deferential standard," which "demands that state-court decisions be given the benefit of the doubt." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).  When considering a state prisoner's habeas petition under § 2254(d), a federal court is not sitting as an appellate court with the mandate of correcting errors that may have occurred in the state court. *See Shinn v. Ramirez*, 596 U.S. 366, 377 (2022) (explaining that a federal habeas proceeding is not "a substitute for ordinary error correction through appeal") (cleaned up).

To be contrary to clearly established federal law under § 2254(d)(1), "the state court must either (1) apply a rule that contradicts the governing law set forth by Supreme Court case law, or (2) reach a different result from the Supreme Court when faced with materially indistinguishable facts."  *Ward v. Hall*, 592 F.3d 1144, 1155 (11th Cir. 2010) (cleaned up).  And to meet the unreasonable application standard, "a prisoner must show far more than that the state court's decision was merely wrong or even clear error." *Shinn v. Kayer*, 592 U. S. 111, 118 (2020) (cleaned up).  Rather, the state court's application of federal law must be so obviously wrong that "its error lies beyond any possibility for

fairminded disagreement." *Id.* (cleaned up).  This standard reflects that the writ of habeas corpus is an extraordinary remedy that guards only "against extreme malfunctions in the state criminal justice systems." *Ramirez*, 596 U.S. at 377 (cleaned up).

## IV.    Discussion

### A.    Ground One (verbatim):  "Agument [sic] on the jail call '3.850'."

Petitioner's first claim is that the State altered a recorded jail phone call published to the jury during trial, and trial counsel was ineffective for stipulating to its authenticity. (Doc. 1 at 7-8).  According to Petitioner, he said, "I just got discovery" at the beginning of the jail call and then described what the discovery showed.  (Doc. 1 at 8; Doc. 10 at 4).[3]

---

[3] According to the trial transcript, this is what was said during the jail call:

> Hey, what's happening.  What's happening.  Oh, nothing.  I just got -- what they found out, Huge (phonetic), okay.  First of all this guy should not have been, it's a 49cc bike, okay.  Uh-huh.  And this is a federal highway and a state highway 45 miles-an-hour.  With a 200-pound man on it he shouldn't have been going up that bridge.  That thing can only.  This is what I said that night, Huge, somebody hit him into me, he rolled up over my car, broke the windshield, I freaked out, kept on driving, dude.  Exactly.  Right.  And went for drinks.  And so what do you really have me on here.  Yeah.

Petitioner alleges the State omitted the word "discovery" from the recording, so it sounded as if he was describing what he personally experienced during the accident instead of what he learned through discovery. (*Id.*). Petitioner alleges trial counsel should not have stipulated to the authenticity of the recording. (Doc. 10 at 4). According to Petitioner, he raised this claim on direct appeal and in his Rule 3.850 motion. (Doc. 1 at 8).

Respondent argues to the extent Petitioner asserts a standalone challenge to admission of the jail call, he did not present that claim to the state courts because he did not raise it on direct appeal. (Doc. 14 at 33). Respondent argues Petitioner raised a related ineffective assistance of counsel claim in his Rule 3.850 motion and postconviction appeal. (*Id.* at

_____

Huge. Yeah, so what do you got me on. You got me on a minor accident with a death. (inaudible) But I told them cops that night somebody hit him into me. Okay. Yeah. My car, yes, which hit my car. Yeah. Which caused this accident. Do you see what I'm saying. Exactly.

(Doc. 14-3 at 233).

33-34). According to Respondent, that claim is meritless for the reasons stated by the state court. (*Id.* at 34-37).

Respondent is correct that Petitioner did not challenge admission of the recorded jail call on direct appeal. Instead, Petitioner challenged admission of a video and audio recording of him inside and near the patrol car at the gas station. (Doc. 14-4 at 166-69). Petitioner's reply brief clarified he was not challenging admission of the jail call. (*Id.* at 214). So, to the extent Petitioner is making a direct challenge to the trial court's admission of the recording of the jail call, that claim is unexhausted for purposes of habeas review.[4]

If a petitioner has not exhausted his claim in state court and it "is clear from state law that any future attempts at exhaustion would be futile," then federal courts "may treat unexhausted claims as

_____

[4] The exhaustion requirement is found in 28 U.S.C. § 2254(b)(1). It provides that an "application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—(A) the applicant has exhausted the remedies available in the courts of the State." This means that a "state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel,* 526 U.S. 838, 842 (1999).

procedurally defaulted." *Bailey v. Nagle*, 172 F.3d 1299, 1305 (11th Cir. 1999). And a procedurally defaulted claim will not be considered by a federal habeas court unless "a petitioner can show (1) cause for the default and (2) actual prejudice resulting from the alleged constitutional violation." *Sealey v. Warden, Ga. Diagnostic Prison*, 954 F.3d 1338, 1365 (11th Cir. 2020).

Here, Petitioner would not be permitted to raise the argument today in state court. *See Smith v. State*, 453 So. 2d 388, 389 (Fla. 1984) (holding that claims that could have been raised on direct appeal are generally foreclosed from consideration in postconviction proceedings); *see also Denson v. State*, 775 So. 2d 288, 290 (Fla. 2000) (issues that were or could have been raised on direct appeal or in a prior postconviction proceeding cannot be litigated in a petition for extraordinary relief). Thus, it has been procedurally defaulted. And Petitioner does not argue that he can satisfy the cause and prejudice exception to the procedural bar. *See McCoy v. Newsome*, 953 F.2d 1252, 1260 (11th Cir. 1992) (explaining that a "federal habeas petitioner bears the burden of demonstrating" cause and prejudice for his procedural default). Because

10

a standalone challenge to admission of the jail call is unexhausted and procedurally defaulted, Petitioner is not entitled to habeas relief on that aspect of Ground One. The Court will next discuss the ineffective assistance of counsel aspect of Ground One.

Petitioner raised this ineffective assistance claim as Ground Two of his third amended Rule 3.850 motion. (Doc. 14-4 at 478-80). The state postconviction court applied the standard set out in *Strickland v. Washington*, 466 U.S. 668 (1984) and denied Petitioner's claim. The court reasoned that Petitioner failed to satisfy the deficient performance and prejudice prongs of that standard. (*Id.* at 617-20). Petitioner appealed, and the First DCA affirmed. (*Id.* at 671).

Ineffective assistance of counsel claims are governed by the *Strickland* standard. As the state court explained (Doc. 14-4 at 613), to prevail under *Strickland* a petitioner must show that (1) counsel's performance was constitutionally deficient, and (2) prejudice resulted. 466 U.S. at 687. Under the deficiency prong, the inquiry focuses on "whether counsel's assistance was reasonable considering all the circumstances." *Id.* at 688. Trial counsel is "strongly presumed to have

11

rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690. As for the prejudice prong, the inquiry focuses on whether the petitioner has shown there is a "reasonable probability" that the outcome would have been different absent counsel's deficient performance. *Id.* at 694. To make the prejudice showing, the "likelihood of a different result must be substantial, not just conceivable." *Harrington v. Richter*, 562 U.S. 86, 112 (2011).[5]

Looking through the First DCA's unexplained decision to the trial court's reasoned one, *see Wilson v. Sellers*, 584 U.S. 122, 125 (2018), Petitioner has not demonstrated that the state court unreasonably

---

[5] Both the *Strickland* standard and the standard for relief under § 2254 are "highly deferential." *Richter*, 562 U.S. at 105. And when—in a case like the current one—"the two apply in tandem, review is doubly" deferential. *Id.* (cleaned up). The Supreme Court has warned that "habeas courts must guard against the danger of equating unreasonableness under *Strickland*['s]" deficient performance prong with "unreasonableness under § 2254(d)." *Id.* Thus, "[w]hen § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id.*

applied *Strickland*.[6]  That is because there is no reasonable probability the jury would have reached a different verdict on DUI manslaughter or leaving the scene of a crash if they knew Petitioner was simply describing evidence he learned through discovery.

Aside from the jail call, the jury heard ample evidence that Petitioner drove a vehicle involved in a crash, knew he had been involved in a crash, knew or should have known there was serious injury or death, and willfully failed to stop at the scene.  (Doc. 14-3 at 440-41 (jury instructions explaining the elements of leaving the scene of a crash involving death)); Fla. Stat. § 316.027(2)(c); *Manhard*, 282 So. 3d at 945 (explaining the elements).  The State presented testimony that Petitioner was away from the scene, he was in the driver's seat with a smashed windshield and glass on him, there was blood and hair on the windshield, and he claimed a scooter hit his windshield.[7]

---

[6] Petitioner cannot satisfy the "contrary to" prong of § 2254(d)(1) because, as previously noted, the state court correctly recognized the *Strickland* standard as the controlling legal standard.  (Doc. 14-4 at 613).

[7] The nature of the vehicle damage may be used to establish the defendant knew or reasonably should have known that a person was at least injured in the crash.  *See Manhard*, 282 So. 3d at 945 (citation omitted).

13

The jury also heard ample evidence that Petitioner drove while intoxicated and caused or contributed to the cause of Jerry Jones' death. (Doc. 14-3 at 443-44 (jury instructions explaining the elements of DUI manslaughter)); Fla. Stat. § 316.193(1)(a), (3)(c)3.  The State presented testimony that Petitioner was intoxicated when he left a bar before being involved in the crash.  Moreover, Petitioner's car had paint on it from Jerry Jones' scooter, and Petitioner's car impacted Jerry Jones' body with such force that it smashed the windshield and left blood and hair on it.

Considering the overwhelming evidence of Petitioner's guilt, there is no reasonable probability the jury would have reached a different verdict on either charge if they heard Petitioner say, "I just got discovery" at the beginning of the jail phone call.  For this reason, the state court reasonably applied *Strickland* in rejecting Petitioner's ineffective assistance of counsel claim.[8]

---

[8] Because the state court's application of the prejudice prong was reasonable, the Court need not address the state court's assessment of the deficient performance prong.  *Pope v. Sec'y for Dep't of Corr.*, 680 F.3d 1271, 1284 (11th Cir. 2012).

**B.    Ground Two (verbatim):  "Defendant argument [sic] that the State never proved the elements of the offense of leaving the scene of a crash involving death."**

In Ground Two, Petitioner argues the evidence presented at trial was insufficient to satisfy the elements of leaving the scene of a crash involving death.  (Doc. 1 at 10; Doc. 16 at 5-6).  He alleges multiple vehicles hit the victim, and the State failed to prove "who did it."  (*Id.*).  Petitioner also alleges the State failed to prove he had knowledge of the crash or death, especially considering the evidence that he was "out of his mind" or "high."  (*Id.*).

Respondent argues this claim is unexhausted and procedurally defaulted.  (Doc. 14 at 15-16, 37).  More specifically, Respondent argues Petitioner raised only a state law-based challenge to the sufficiency of the evidence on direct appeal but did not present a federal constitutional challenge.  (*Id.*).

Before discussing whether Respondent is correct, the Court will summarize the exhaustion requirement for § 2254 habeas cases.  The Court will then explain how it applies to the claim Petitioner has raised in Ground Two.

15

Under § 2254(b)(1), a state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition. *O'Sullivan,* 526 U.S. at 842. To satisfy this exhaustion requirement, a petitioner must have "fairly presented" the substance of his federal claim to the state courts. *Lucas v. Sec'y, Dep't of Corr.*, 682 F.3d 1342, 1351 (11th Cir. 2012). A petitioner fairly presents the substance of his federal claim when he describes the claim "such that [the state courts] are permitted the opportunity to apply controlling legal principles to the facts bearing upon his constitutional claim." *Kelley v. Sec'y, Dep't of Corr.*, 377 F.3d 1317, 1344 (11th Cir. 2004) (cleaned up).

The exhaustion requirement is not met "merely" because "the federal habeas petitioner has been through the state courts . . . nor is it sufficient that all the facts necessary to support the claim were before the state courts or that a somewhat similar state-law claim was made." *McNair v. Campbell*, 416 F.3d 1291, 1302-07 (11th Cir. 2005) (cleaned up). Instead, exhaustion requires that the federal legal basis for the claim "be presented face-up and squarely; the federal question must be plainly defined. Oblique references which hint that a theory may be

lurking in the woodwork will not turn the trick." *Kelley*, 377 F.3d at 1345 (cleaned up); *see also Pringle v. Sec'y, Fla. Dep't of Corr.*, No. 21-14318, 2024 WL 3936915, at *4 (11th Cir. Aug. 26, 2024) (explaining that under *Kelly* and *McNair*, "it is not enough for a habeas petitioner to merely set out the factual substance of a federal claim—the petitioner must also put the state courts on notice that the petitioner is asserting a federal claim by indicating the invocation of a federal legal standard.") (cleaned up).

Here, in Petitioner's direct appeal brief, he challenged the trial court's denial of his motion for judgment of acquittal claiming that the evidence was insufficient to sustain a conviction for leaving the scene of a crash involving death. (Doc. 14-4 at 157-65). Petitioner's brief cited only Florida state statutes and Florida state case law in support of this argument. (*Id.*). Petitioner never mentioned the federal legal standard for sufficiency of the evidence claims brought under the Fourteenth Amendment—i.e., the standard found in *Jackson v. Virginia*, 443 U.S. 307 (1979). Likewise, the State's brief to the First DCA relied exclusively on Florida statutes and Florida case law. (Doc. 14-4 at 186-94). And, understandably, the First DCA's opinion rejecting Petitioner's argument

17

relied exclusively on Florda state law. (*Id.* at 225-30). Because Petitioner did not clearly indicate to the First DCA that he was asserting a violation of federal law, he did not exhaust a federal sufficiency of the evidence claim on direct appeal. *See Preston v. Sec'y, Fla. Dep't of Corr.*, 785 F.3d 449, 451, 458-59 (11th Cir. 2015) (holding that petitioner did not fairly present a federal sufficiency of the evidence claim where his direct appeal brief relied on state law and did not cite any provisions of federal law).

The next question is whether Petitioner exhausted a federal sufficiency of the evidence claim in the Rule 3.850 proceeding. Petitioner says he did. (Doc. 1 at 10-11; Doc. 16 at 6). The state court record says otherwise. Petitioner did not raise a substantive challenge to the sufficiency of the evidence in his Rule 3.850 motion; instead, he raised only a related claim of ineffective assistance of counsel based on counsel's alleged failure to adequately argue the motion for judgment of acquittal. (Doc. 14-4 at 469-78). For purposes of exhaustion, a substantive claim is "separate and distinct" from an ineffective assistance of counsel claim. *LeCroy v. Sec'y, Fla. Dep't of Corr.*, 421 F.3d 1237, 1260 n.24 (11th Cir. 2005).

18

Any attempt by Petitioner to now return to state court to exhaust a federal challenge to the sufficiency of the evidence would be procedurally barred. *See Smith*, 453 So. 2d at 389; *Denson*, 775 So. 2d at 290. Accordingly, any federal due process claim raised in Ground Two has been procedurally defaulted. *See Preston*, 785 F.3d at 462 ("[The petitioner's] failure to exhaust means that his federal claim has been procedurally defaulted."). Petitioner has not established—or even attempted to establish—cause and prejudice or a manifest miscarriage of justice as required to excuse the procedural default. Thus, Petitioner's federal challenge to the sufficiency of the evidence is unexhausted and procedurally defaulted.

The Court is reluctant to close the door on Ground Two without discussing a related claim of ineffective assistance of counsel that Petitioner appears to assert by referencing his Rule 3.850 motion and *Strickland*. (Doc. 1 at 10-11; Doc. 16 at 6). In his Rule 3.850 motion, Petitioner argued counsel was ineffective for failing to adequately argue a motion for judgment of acquittal on the leaving-the-scene count. (Doc. 14-4 at 469-78).

19

The state postconviction court denied this claim because Petitioner failed to satisfy both prongs of *Strickland*.  (*Id.* at 613-17).  More specifically, the trial court found that defense counsel made a thorough motion for judgment of acquittal as to the leaving-the-scene count.  (*Id.* at 615).  The court also concluded there was no prejudice because the State presented sufficient evidence to satisfy the elements of that charge.  (*Id.* at 615-17).  The First DCA summarily affirmed the trial court's decision.

Looking through the First DCA's unexplained decision to the trial court's reasoned one, *see Wilson*, 584 U.S. at 125, Petitioner has not demonstrated the state court unreasonably applied *Strickland*.  Here is the reason why.

Petitioner's ineffective assistance claim rests on the idea that there was insufficient evidence to prove his guilt of the leaving-the-scene charge, and the trial court would have granted a motion for judgment of acquittal on that charge if defense counsel had adequately made that argument.  But the state court already decided that, as a matter of state law, the evidence was sufficient to survive a motion for judgment of

acquittal on that charge.   (Doc. 14-4 at 615-17).   And when the state courts already have said how the issue would have been resolved under state law had trial counsel done what Petitioner argues she should have done, the federal Court should not second-guess them.   *Herring v. Sec'y, Dep't of Corr.*, 397 F.3d 1338 1354-55 (11th Cir. 2005).[9]

Because the evidence was sufficient to survive a motion for judgment of acquittal on the leaving-the-scene charge, the state court reasonably rejected Petitioner's ineffective assistance claim for failure to satisfy *Strickland*'s prejudice prong.   And because the state court reasonably applied *Strickland*, Petitioner is not entitled to habeas relief on the ineffective assistance of counsel claim raised in Ground Two.

---

[9] *See also Williams v. Florida*, No. 16-15863-G, 2018 WL 11300394, at *6 (11th Cir. Oct. 12, 2018) (affirming denial of habeas relief on claim of ineffective assistance based on counsel's failing to make motion for judgment of acquittal because "in denying the Rule 3.850 motion, the state court determined that, under state law, the evidence was sufficient to be presented to a jury, and this court must defer to the state court's determinations regarding state law.").

C.    **Ground Three: "Defendant argues the State violated his rights when they allowed unauthorized communication with a sequestered jury."**

In Ground Three, Petitioner argues his rights were violated when two jurors were observed speaking with the bailiff and a State investigator during a break at trial. (Doc. 1 at 12). Petitioner argues defense counsel should have requested that the jurors be questioned and also should have moved for a mistrial. (*Id.*).

Respondent argues Petitioner did not raise any issue on direct appeal concerning the jurors' contact with the bailiff and State investigator. (Doc. 14 at 42). Respondent argues Petitioner raised a related claim of ineffective assistance of counsel in his Rule 3.850 motion, and the state court reasonably rejected it for failure to satisfy *Strickland*. (*Id.* at 42-44).

To the extent Petitioner is making a standalone claim of juror misconduct, that claim was not exhausted. The reason is because Petitioner did not raise that issue on direct appeal. (*See* Doc. 14-4 at 131-74). Any attempt by Petitioner to exhaust a federal claim regarding the juror misconduct issue would now be procedurally barred. *See Smith*,

453 So. 2d at 389; *Denson*, 775 So. 2d at 290.  And Petitioner has not shown cause, prejudice, or a miscarriage of justice as necessary to overcome the procedural default.  Accordingly, any such claim raised in Ground Three is unexhausted and procedurally defaulted.

Petitioner's ineffective assistance of counsel claim was exhausted because he presented it in Ground Three of his Rule 3.850 motion.  (Doc. 14-4 at 480-81).  The state court rejected the claim because Petitioner failed to satisfy *Strickland*'s deficient performance prong.  (*Id.* at 621-22). The state court made factual findings regarding what occurred at trial concerning juror contact with the bailiff and investigator, and the trial transcript confirms those findings.  (Doc. 14-4 at 621-22; Doc. 14-3 at 360-62).  Here is what happened.

During a recess in the middle of trial, defense counsel notified the court that she saw two jurors standing with a bailiff and one of the State's investigators, Dan Bates.  Defense counsel reported that she saw them talking, but counsel did not know what they were talking about.  The trial court offered to question the two jurors, but defense counsel suggested the court question the bailiff "without interfering with the jury

or making them uncomfortable." (Doc. 14-3 at 361-62; Doc. 14-4 at 621). The trial judge questioned the bailiff, who acknowledged he had been standing with the jurors outside the courtroom: "Yes, sir, they were cold so they were standing in the sunshine where the sun was coming in." (Doc. 14-3 at 362; Doc. 14-4 at 621-22). The judge asked if there was any conversation about the case, and the bailiff responded, "No sir, we were watching a boat backing in and out, it looked like it had a jet motor on it instead of a regular motor and we were watching it out the lagoon, that's what we were talking about." (Doc. 14-3 at 362; Doc. 14-4 at 622). The judge asked defense counsel if she wished to inquire further, and counsel said no. (*Id.*).

The question for the Court is whether the state court reasonably concluded defense counsel's performance was not deficient. The answer is yes—a fairminded jurist could conclude defense counsel exercised reasonable professional judgment in her handling of the issue involving the two jurors.

"Due process does not require a new trial every time a juror has been placed in a potentially compromising situation." *Smith v. Phillips*,

24

455 U.S. 209, 217 (1982). Instead, "the remedy for allegations of juror partiality is a hearing in which the defendant has the opportunity to prove actual bias." *Id.* at 215.

Here, the trial court questioned the bailiff about the circumstances of the interaction with the two jurors and provided the parties an opportunity to participate. The court's questioning revealed that the interaction had nothing to do with Petitioner's case—instead, they talked about a boat navigating the lagoon. In these circumstances, defense counsel had no meritorious basis to move for a mistrial or any other type of relief. *See Locke v. Sec'y, Fla. Dep't of Corr.*, No. 5:15cv55/RV/EMT, 2016 WL 3647795, at \*35 (N.D. Fla. May 12, 2016), *adopted* 2016 WL 3647875 (holding that state court reasonably rejected petitioner's ineffective assistance claim based on counsel's failure to move for mistrial after juror's wife was observed speaking with the victims; counsel's performance was not deficient because the facts did not suggest the contact intruded upon the jury's impartiality).

The state court's adjudication of Petitioner's ineffective assistance of counsel claim (the only claim exhausted claim) was not contrary to or

an unreasonable application of *Strickland*. It also was not based upon

an unreasonable determination of the facts. For these reasons, Petitioner

is not entitled to habeas relief on Ground Three.

> **D.   Ground Four (verbatim):  "Defendant argues that the**
> **defense won the motion in limine."**

Petitioner next claims defense counsel was ineffective with respect

to the State's alleged violations of the trial court's ruling on Petitioner's

motion in limine. (Doc. 1 at 15; Doc. 16 at 8). According to Petitioner,

defense counsel objected to the alleged violations but failed to move for a

mistrial. (*Id.*).

Respondent argues this claim is unexhausted and procedurally

barred because the state court rejected it as insufficiently pled. (Doc. 14

at 44-45). The state court reasoned:

> Defendant fails to allege any supporting facts indicating
> the nature of the evidence that trial counsel objected to.
> Without any supporting facts, it is impossible for the Court to
> determine whether counsel's performance was deficient for
> not additionally requesting a curative instruction or moving
> for a mistrial, and it is similarly impossible to determine
> whether Defendant might have been prejudiced.
>
> As the Response points out, Defendant [sic] allegations
> are conclusory and he "has not sufficiently demonstrated or

26

alleged with specificity any error on the part of counsel or prejudice...as required by *Strickland*."

(Doc. 14-4 at 630).  The First DCA affirmed without discussion.

"[A] Florida state court's dismissal of a post-conviction claim for facial insufficiency constitutes—at least for purposes of a procedural default analysis—a ruling on the merits that is not barred from [federal] review."  *Pope*, 680 F.3d at 1285-86 (cleaned up).  The Court, therefore, rejects Respondent's procedural default argument.  *See Dinnal v. Sec'y, Fla. Dep't of Corr.*, No. 19-13376-F, 2020 WL 8677834, at *10 (11th Cir. Sept. 8, 2020) (holding that ineffective assistance of counsel claim was not procedurally defaulted where petitioner raised it in his Rule 3.850 motion and the state court struck it as facially insufficient).

Moving to the merits, the state court's rejection of Petitioner's claim for failing to satisfy both *Strickland* prongs was reasonable.  As the state court found, Petitioner did not allege what evidence violated the trial court's ruling on defense counsel's motion in limine.  (Doc. 14-4 at 486-87).  Petitioner refers to defense counsel's statement, "Just with previous objections."  (Doc. 16 at 8).  Counsel made that statement when the State

27

sought to introduce a video of Petitioner inside Trooper Tavares' patrol car. (Doc. 14-3 at 270, 274).

The in-car video was one of the subjects of defense counsel's motion in limine. (Doc. 14-2 at 228-29). Defense counsel sought to exclude specific portions of the video. (*Id.*). At the hearing on the motion, the State agreed to redact all of those portions. (Doc. 14-3 at 76-78). The parties agreed that all of the objectionable moments occurred just after the officer informed Petitioner of the charges. (*Id.* at 77-78). At trial, that is where the prosecutor stopped the video. (*Id.* at 274-96).

Petitioner failed to show that defense counsel had a meritorious basis to move for a mistrial on the ground that the State violated the resolution of the motion in limine. Without this showing, the state court reasonably determined Petitioner failed to satisfy the deficient performance and prejudice prongs of *Strickland*. *See Brownlee v. Haley*, 306 F.3d 1043, 1046 (11th Cir. 2002) (holding that counsel was not ineffective for failing to raise issues lacking in merit). For these reasons, Petitioner has not established his entitlement to habeas relief on Ground Four.

### E.    Ground Five (verbatim):  "The Defendant argument on the affidavit and warrant issue."

In Ground Five, Petitioner challenges the search and seizure of the car he was driving.  (Doc. 1 at 17-18; Doc. 16 at 9-10).  Petitioner alleges the warrant application failed to mention that several vehicles struck Jerry Jones.  (*Id.*).  He alleges it also failed to tie either the car or him to the scene of the crash.  (*Id.*).  And he alleges the warrant was misdated because it was dated six months prior to the date of the crash.  (*Id.* at 16 at 9).  The search and seizure of the car resulted in photographs and physical evidence of damage to the car and discovery of the victim's blood/DNA on the windshield.  According to Petitioner, he challenged the validity of the search warrant on direct appeal and in his Rule 3.850 motion.  (Doc. 1 at 18).

Respondent argues Petitioner did not raise any challenge to the search warrant on direct appeal.  (Doc. 14 at 45-46).  Respondent argues Petitioner raised a related claim of ineffective assistance of counsel in his Rule 3.850 motion, and the state court reasonably rejected it for failure to satisfy *Strickland*.  (*Id.* at 46-48).

29

Respondent is correct that Petitioner did not challenge the search warrant on direct appeal. (Doc. 14-4 at 131-73). Petitioner's failure to do so renders a standalone challenge to the constitutionality of the warrant unexhausted. Petitioner may not now return to state court to exhaust a constitutional claim because Florida law does not allow a second direct appeal. Thus, Petitioner's standalone challenge to the validity of the warrant that authorized the search and seizure of the car has been procedurally defaulted. *See Bailey*, 172 F.3d at 1303 (explaining that a claim is an unexhausted claim is procedurally defaulted when the unexhausted claim would now be procedurally barred in state court). And Petitioner has not established cause and prejudice, or a manifest miscarriage of justice as necessary to evade procedural default. For these reasons, Petitioner is not entitled to habeas relief on his standalone challenge to the search warrant.[10]

---

[10] Even if the claim had not been procedurally defaulted, Petitioner would not have been entitled to relief because of *Stone v. Powell*, 428 U.S. 465 (1976). Under *Stone*, if the "State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Id.* at 482. Here, Petitioner had the opportunity to raise and fully

This leaves Petitioner's related claim of ineffective assistance of counsel. The claim was exhausted in Ground Three of his Rule 3.850 motion. (Doc. 14-4 at 482-83). The state court rejected the claim because Petitioner failed to satisfy *Strickland*'s deficient performance prong. (*Id.* at 622-24). The state court found that defense counsel filed a motion to suppress that challenged the search warrant on the grounds Petitioner argued in his Rule 3.850 motion. (*Id.* at 624).

The state court's findings are confirmed by the record. Defense counsel filed a motion to suppress and argued the very grounds that Petitioner claims she should have argued. (Doc. 14-2 at 137-57, 171-94, 197-216). Because defense counsel made the arguments for suppression

_____

litigate his Fourth Amendment challenge to the warrant in state court. Defense counsel filed a motion to suppress evidence discovered during the search of the car. (Doc. 14-1 at 137-57, 171-95). The trial court held a hearing on the motion. (*Id.* at 197-209). The trial court denied the motion. (*Id.* at 207, 209). Petitioner had the opportunity to challenge this ruling on direct appeal, but he did not. (Doc. 14-4 at 131-73). Because Petitioner had a full and fair opportunity to litigate his Fourth Amendment claim in state court, federal habeas review is precluded. *See Caver v. State of Ala.*, 577 F.2d 1188, 1193 (5th Cir. 1978) (explaining that "*Stone v. Powell* precludes federal habeas corpus consideration of [the Fourth Amendment claim] whether or not [Petitioner] avail[ed] himself of that opportunity.").

that Petitioner claims counsel was ineffective for failing to make, the state court reasonably rejected Petitioner's ineffective assistance claim under *Strickland*'s deficient performance prong.  Petitioner, therefore, is not entitled to habeas relief on the ineffective assistance of counsel claim presented in Ground Five.

### F.    Ground Six (verbatim):  "Defendant argues they failed to meet the elements of 316.193 and the jury instructions are wrong."

In Petitioner's last claim, he argues the evidence was insufficient to support his conviction for DUI manslaughter and that defense counsel was ineffective for not seeking a judgment of acquittal on that charge. (Doc. 1 at 20; Doc. 16 at 11).  Petitioner also alleges the jury instructions were wrong, but he neither identifies what instructions were wrong nor explains how they were wrong.  (*Id.*).  He states he presented these arguments on direct appeal and in his Rule 3.850 motion.  (Doc. 1 at 20-21).

Respondent argues to the extent Petitioner presents a standalone challenge to the sufficiency of the evidence to support the DUI manslaughter conviction, the claim is unexhausted and procedurally

barred because it was not raised on direct appeal. (Doc. 14 at 54-55). Respondent argues Petitioner's related ineffective assistance of counsel claim is without merit for the reasons explained by the state postconviction court. (*Id.* at 55-59).

Respondent is correct on the exhaustion issue. Petitioner's initial brief on direct appeal did not raise any error with respect to the sufficiency of the evidence to support the DUI manslaughter conviction. (Doc. 14-4 at 131-74). Petitioner's brief also did not raise any error with respect to any of the jury instructions. (*Id.*). Because Petitioner did not give the state courts an opportunity to review either of these alleged errors, the claims are unexhausted and procedurally barred. Petitioner has not alleged cause and prejudice or a miscarriage of justice as necessary to excuse his procedural default. That means he may not obtain habeas relief on his standalone challenges to the sufficiency of the evidence on the DUI charge or the jury instructions.

This leaves Petitioner's claim that counsel was ineffective for failing to adequately argue a motion for judgment of acquittal on the DUI manslaughter count. He argues the evidence was insufficient to prove

each of the three elements of the charge—that he was impaired, that he drove the car, or that he caused or contributed to Jerry Jones's death.

Petitioner unsuccessfully made this claim in Ground Five of his Rule 3.850 motion. (Doc. 14-4 at 483-86). The state court found neither deficient performance nor prejudice under *Strickland*. (*Id.* at 625-29). In reaching that conclusion, the state court explained that defense counsel made a motion for judgment of acquittal arguing that the State failed to prove each element of the DUI manslaughter charge. (*Id.* at 625). The state court further explained the State presented sufficient evidence to prove all three elements of DUI manslaughter. (*Id.* at 625-29).

The state court's determination was a reasonable application of *Strickland*. A trial court will not grant a motion for judgment of acquittal unless, after viewing the evidence in the light most favorable to the State, no rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. *Simmons v. State*, 934 So. 2d 1100, 1111 (Fla. 2006). "The trial court has the task of reviewing the evidence to determine whether competent, substantial, evidence exists from which the jury could infer guilt to the exclusion of all other inferences." *State*

*v. Law*, 559 So. 2d 187, 189 (Fla. 1989). "[A] judgment of acquittal should not be granted where the State has produced competent, substantial evidence to support every element of the crime." *Gay v. State*, 607 So. 2d 454, 457 (Fla. 1st DCA 1992).

The issue of what evidence is sufficient to establish a state offense is a matter of state law. And the state court here found the evidence was sufficient, such that any additional argument on the motion for judgment of acquittal would have been meritless. This Court will defer to that state court determination on a matter of state law. *See Vega v. Sec'y, Dep't of Corr.*, No. 17-14778, 2021 WL 4439245, at *6 (11th Cir. Sept. 28, 2021) (rejecting habeas petitioner's claim that counsel was ineffective for failing to move for judgment of acquittal because whether evidence was sufficient rested on an interpretation of state law); *see also Combs v. Sec'y, Dep't of Corr.*, No. 19-14406-G, 2020 WL 2319889, at *2 (11th Cir. Mar. 6, 2020) ("[C]ounsel was not ineffective for arguing in support of a judgment of acquittal only that there was no forced entry to sustain a burglary conviction, as we defer to the state court's application of its own

law in determining that there was sufficient evidence on all the elements to allow the charge to go to the jury.").

In any event, the trial testimony, as accurately summarized by the state postconviction court, shows there was ample evidence Petitioner was impaired, drove the car involved in the crash, and caused or contributed to the victim's death. (Doc. 14-4 at 627-29). Because a lawyer does not provide constitutionally deficient performance by failing to make lengthy arguments on clearly doomed motions, there is no merit to Petitioner's final ground for habeas relief. *See Mathis v. Dixon*, No. 4:20cv304, 2024 WL 2337645, at *4 (N.D. Fla. Apr. 10, 2024), *adopted* 2024 WL 2330023 (N.D. Fla. May 22, 2024) (finding that counsel did not provide ineffective assistance by making a less detailed motion for judgment of acquittal because the evidence was plainly sufficient to survive a motion for acquittal and there was no reason to believe a more detailed argument by counsel would have resulted in the motion being granted).

Because Petitioner has not shown that the state postconviction court's decision was based upon an unreasonable factual determination

36

or was contrary to or an unreasonable application of *Strickland*, Petitioner is not entitled to federal habeas relief on the ineffective assistance of counsel claim raised in Ground Six of his petition.

## V.    Conclusion

For the reasons discussed above, Petitioner's § 2254 petition should be denied.

## VI.    Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2254 Rule 11(a). A timely notice of appeal must still be filed, even if the Court issues a certificate of appealability. 28 U.S.C. § 2254 Rule 11(b).

"Section 2253(c) permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). "At

the COA stage, the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his [or her] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Buck v. Davis*, 580 U.S. 100, 115 (2017).  The petitioner here cannot make that showing.  Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED** that:

1.    The petition for writ of habeas corpus (Doc. 1) be **DENIED**.

2.    A certificate of appealability be **DENIED**.

At Pensacola, Florida, this 5th day of January 2026.

*/s/ Zachary C. Bolitho*

Zachary C. Bolitho
United States Magistrate Judge

## **Notice to the Parties**

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation.  Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.